**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 21-1394

LUIS MOLINARY-FERNÁNDEZ; AILEEN CABRERA-VINOLO; CONJUGAL

PARTNERSHIP MOLINARY-CABRERA,

Plaintiffs, Appellants,

v.

BMW OF NORTH AMERICA, LLC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Barron, Chief Judge,
Lipez and Thompson, Circuit Judges.

Rubén T. Nigaglioni, with whom Nigaglioni Law Offices P.S.C. was on brief, for appellants.
Antonio Gnocchi Franco, with whom Gnocchi-Franco Law Office was on brief, for appellees.

July 27, 2023

**Per Curiam.**   We have carefully reviewed the parties' briefs and the record on appeal and conclude that the district court's judgment should be affirmed on the ground stated in its well-reasoned Opinion and Order of March 31, 2021.   Molinary-Fernández v. BMW of N. Am., LLC, Civ. No. 18-1538, 2021 WL 5263638 (D.P.R. Mar. 31, 2021).

In brief, appellants owned a 2016 BMW X5 hybrid vehicle. The "vehicle's owner manual cautions users not to 'extend the supplied charging cable with external cables'" because "'[i]mproper use of the charging cable can [] lead to damage, for example cable fire.  There is a risk of fire.'"  Id. at *2 (quoting Docket No. 31-3 at 15).  On September 11, 2017, appellants parked the vehicle in their garage and charged it using an extension cord. A fire then occurred in appellants' garage.  Appellants contend that the fire was the result of a manufacturing or design defect in their hybrid BMW, which caused the car to catch fire when it was charging.

In evaluating appellants' claims, the district court noted that "given the complex nature of the product in this case . . . [p]laintiffs are incorrect in arguing 'it can be inferred by the nature of the incident that the damage occurred because of the defect in the product, although no proof is produced of the particular or specific causes of the injurious event.'"  Id. at *3 (quoting Docket No. 27 at 10).   To the contrary, the court

observed, plaintiffs had "to present expert or direct evidence regarding any manufacturing or design defect." Id. at *4. Indeed, "[a]ccording to the fire marshal who investigated the incident, determining the cause of the fire should be up to a 'certified electrical mechanic and expert in hybrid vehicles.'" Id. at *2 (quoting Docket Nos. 24-2 at 1; 28 at 1-2).

Appellants, however, failed to present an expert to support their theory that the fire was caused by a defect in the vehicle. On the other hand, BMW's expert -- a licensed mechanical engineer -- concluded both that the fire did not originate in the vehicle and that the extension cord, which "had a tightened zip tie around it" and was "found [after the fire] coiled, amongst melted plastic bins and other debris found in the garage, . . . [could not] be ruled out as the cause of this fire." Docket No. 31-3 at 12-13, 17-18.

On this record, the district court concluded that appellants could not satisfy their burden of proof at trial. See Molinary-Fernández, 2021 WL 5263638 at *6. We agree because, absent any expert support for the theory the appellants pressed below, we see no basis for inferring that the accident was caused by a defective product. See Santos-Rodriguez v. Seastar Sols., 858 F.3d 695, 699 (1st Cir. 2017).

Affirmed.